**Amrit Pal KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70121.
Agency No. A75–306–493.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

Virender Kumar Goswami, Law Offices of Virender K. Goswami, Esq., Vinay R. Chari, Esq., Law Office of Virender Kumar Goswami, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., Susan Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM **

Amrit Pal Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), affirming an Immigration Judge's ("IJ") denial of her requests for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's determination that Kaur was adversely credible due to her superficial familiarity with the precepts of the Sikh religion and her ignorance of important political events. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999) (finding petitioner adversely credible in part because his testimony lacked specificity and detail on matters outside the ambit of the newspaper article upon which he relied).

Because Kaur did not testify credibly, she did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). It follows that she failed to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Kaur is not entitled to relief under the Convention Against Torture because she did not demonstrate that it was more likely than not that she would be tortured if returned to India. *See* 8 C.F.R. § 208.16; *Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

